UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-5 |
| | § | |
| JOHN CARL HALL, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant John Carl Hall's Emergency Motion for Compassionate Release (Doc. 3488). For the reasons set forth below, the Court **DENIES** Hall's Motion **WITHOUT PREJUDICE**.

I.

BACKGROUND

After Hall pleaded guilty to possession of a controlled substance with intent to distribute, the Court sentenced him to 200 months of imprisonment and 3 years of supervised release. Doc. 1040, J., 1–3. Hall, who is now forty-one years old, is serving his sentence at the United States Penitentiary in Lewisburg, Pennsylvania, ("USP–Lewisburg") and is scheduled to be released in May 2030.[1] As of January 13, 2022, USP–Lewisburg reports 140 active and 201 recovered cases of COVID-19 among its inmates and reports that 986 inmates have been fully vaccinated against the disease.[2]

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited January 13, 2022).

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last visited January 14, 2022).

On January 3, 2022, Hall filed this Motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 3488, Def.'s Mot., 1. The Court reviews Hall's Motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(C). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(I)).

## III.

## ANALYSIS

As explained below, the Court denies Hall's request for compassionate release because Hall has not provided proof of exhaustion or shown extraordinary and compelling reasons for his release.

A.   *Hall Has Not Demonstrated Proof of Exhaustion.*

Hall's request for compassionate release fails because he has not proven that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).³

In his Motion, Hall states that his application for compassionate release was denied by the BOP. Doc. 348, Def.'s Mot., 1. But Hall does not attach any proof that he requested relief from the warden of his facility, much less that the warden denied his request. *See generally id.* Without evidence that Hall requested compassionate release from the warden and that thirty days have passed since the warden received such request, Hall has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *See United States v. Knox*, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020) (finding the exhaustion requirement was not met where a defendant provided a copy of a letter purportedly sent to the warden but did not provide proof the warden received the letter); § 3582(c)(1)(A). Thus, the Court **DENIES** Halls Motion because he has not shown he exhausted his administrative remedies.

B.  *Regardless of Exhaustion, Hall Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Hall has also not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582 (c)(1)(A)(I) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction,

---

³ The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (cleaned up).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C).[4] The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13).

"Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021)); *see United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]").

Considering Hall's Motion in light of § 1B1.13 and applying its discretion, the Court concludes that Hall has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

First, Hall argues that the continued threat of COVID-19 at USP–Lewisburg, in light of his serious preexisting medical conditions, constitutes extraordinary and compelling circumstances that

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1(D).

justify modification of his sentence. Doc. 3488, Mot., 3. Hall, who is forty-one years old, suffers from several chronic health conditions that include "COPD, obesity and pre-diabetes." *Id.* He has a Body Mass Index of 37.4, which he says puts him "at a much higher risk of serious illness or death if [he] contract[s] COVID-19." *Id.* at 10. He contends that courts have granted compassionate release for individuals suffering from the same health conditions as him. *Id.* at 4, 7 (citing *Howard v. United States*, 2020 WL 2615509 (E.D. Mich. May 22, 2020); *United States v. Colvin*, 451 F. Supp. 3d 237 (D. Conn. 2020); *United States v. Rodriguez*, 451 F. Supp. 3d 394 (E.D. Pa. 2020); *United States v. Goins*, 2020 WL 3064452 (E.D. Mich. June 9, 2020)).

Second, as an incarcerated individual, he argues that he "is constantly exposed to an inmate and staff population that is only 50% vaccinated" in an environment where "it is impossible to social distance." *Id.* at 3. With the threat of COVID-19, "prison[s] are powder kegs for infection" and the best treatment "is to decrease the jail and prison population by releasing as many people as possible." *Id.* at 5 (quoting *United States v. Skelos*, 2020 WL 1847558, at *1 (S.D.N.Y. Apr. 12, 2020)). According to Hall, of those placed on home confinement, only 3 of 4,000 have reoffended and only 151 have violated their terms of home confinement. *Id.* at 6.

Hall cites to several cases, which the Court discusses below. At the outset, the Court notes that none of the cases cited by Hall are binding on the Court and all were decided outside of this circuit.

In *Howard*, the court found extraordinary and compelling reasons because the defendant suffered from "hypertension, diabetes, and asthma." 2020 WL 2615509, at *3. The court found the combination of these conditions "exacerbate[d] each other, placing him in a much more vulnerable position than a healthy person, if he were to get COVID-19." *Id.*

In *Colvin*, the court found extraordinary and compelling reasons because the defendant suffered from diabetes and high blood pressure and was "unable to provide self-care" within the confines of a prison or "access her team of doctors" that knew how to treat her conditions. 451 F. Supp. 3d at 241. Thus, the court reduced the defendant's sentence from thirty days imprisonment to time served. *Id.* at 242.

In *Rodriguez*, the court found extraordinary and compelling reasons existed for a defendant suffering from "Type 2 diabetes mellitus with diabetic neuropathy, essential hypertension, obesity, and abnormal liver enzymes in a pattern most consistent with non-alcoholic fatty liver disease." 451 F. Supp. 3d at 401 (internal quotation marks omitted). Taken together, the court found the defendant's "health problems, proximity to his release date, and rehabilitation . . . warrant[ed] reducing his sentence." *Id.* at 405–06.

In the last case cited by Hall, *Goins*, the court found extraordinary and compelling reasons for a defendant suffering from Stage 2 hypertension and prolonged use of a corticosteroid. 2020 WL 3064452, at *3, *6. Having served "80% of the time in custody that the parties intended him to serve," the court granted the motion for compassionate release. *Id.* at *6–7.

The Court finds all the cases unavailing. First, they were all decided prior to the advent of any COVID-19 vaccines, which changed the judicial landscape for what warranted compassionate release due to the threat of COVID-19. *See United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) ("[V]accines provide a much better defense against infection than any judicial order could do."); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."). And second,

all the cases discuss the medical records of the defendant seeking compassionate release and Hall has not provided any documentation to the Court verifying his medical conditions. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (denying motion for compassionate release where defendant "failed . . . to provide the Court any medical records").

Regarding Hall's individual circumstances, the Court notes that Hall's claimed medical conditions, while undoubtedly serious, do not rise to the level of extraordinary and compelling. *See* § 1B1.13 cmt. n.1(A). The court in *United States v. Fowler* put it succinctly when it said:

> Extraordinary and compelling reasons in the context of a defendant's medical condition include when the defendant is . . . "suffering from a serious physical or medical condition, . . . a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*United States v. Fowler*, 2020 WL 7408239, at *3 (N.D. Tex. Nov. 17, 2020) (quoting § 1B1.13 cmt. n.1(A)). Hall alleges that he suffers from serious medical conditions including "COPD, obesity and pre-diabetes." Doc. 3488, Mot., 3. Hall does not allege, nor does he provide evidence, that any of these conditions limit his ability to provide self-care at USP–Lewisburg. Therefore, Hall has not shown extraordinary and compelling reasons to support his Motion. *See* § 1B1.13 cmt. n.1(A).

C.  *Consideration of the 18 U.S.C. § 3553(a) Factors Suggests that Compassionate Release Is Not Warranted.*

The Court also notes that before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Because Hall has not shown extraordinary and compelling reasons for release, the Court need not conduct a full § 3553 analysis today. Nonetheless, the Court emphasizes that § 3553 requires the Court to consider whether a

sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A).

In Hall's case, the Court found 200 months of imprisonment appropriate to serve these goals. *See* Doc. 1040, J., 1. Hall began his sentence of confinement in January 2016. Doc. 1878, Arrest Warrant Returned Unexecuted, 1. With a release date of May 2030, Hall has served approximately thirty-five percent of his sentence. Under these circumstances, the Court is reluctant to conclude that the § 3553 factors support compassionate release. *See Thompson*, 984 F.3d at 434 (noting that compassionate release is generally granted only "for defendants who had already served the lion's share of their sentences"). Hall urges the Court to follow the path of the *Gardner* court to disregard the fact that Hall has not served at least fifty percent of his sentence. Doc. 3488, Def.'s Mot., 8–10 (citing *United States v. Gardner*, 2020 WL 4200979, at *1 (E.D. Mich. July 22, 2020)).

In *Gardner*, a defendant was convicted of possession with intent to distribute cocaine base and sentenced to 52 months. 2020 WL 4200979, at *1. The defendant requested home confinement[5] for the remainder of his sentence during the COVID-19 pandemic because he suffered from "hypertension/high blood pressure, a heart condition . . . [,] coronary disease with angina[,] . . . stage-two kidney disease, hyperlipidemia, lumbar disc disease, lumbar herniation, spinal cord impingement, an artificial knee joint, an artificial shoulder cup, and sickle cell trait." *Id.* at 1. Unlike here, the court found extraordinary and compelling reasons "justif[ied] compassionate release." *Id.* at 7. To Hall's point, the court found the threat of the defendant contracting COVID-19 outweighed the deterrent effect of requiring the defendant to serve the remainder of his sentence. *Id.* at 8. Despite having served only a year of his sentence, the court released the defendant to home

---

[5] The court denied the defendant's request for home confinement, but construed the motion as also requesting compassionate release. *Gardner*, 2020 WL 4200979, at *3.

confinement because "there [wa]s not a particularly long time remaining on his sentence." *Id.* The defendant had a release date of March 25, 2022, and would have become eligible for home confinement on October 19, 2021. *Id.*

Unlike the defendant in *Gardner*, Hall does have "a particularly long time remaining on his sentence." *See id.* Hall has over 173 months left in his sentence. Reducing Hall's sentence under these circumstances would likely not "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense[.]" *See* § 3553(a)(2)(A).

Hall's final argument is that the Court should "not consider 1B1.13 when ruling on" his Motion. Doc. 3488, Def.'s Mot, 11 (quoting *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021)). In *Sherwood*, a prisoner, convicted of possession and transportation of child pornography, appealed the denial of his motion for compassionate release. *Sherwood*, 986 F.3d at 953. The district court found the prisoner "satisfied the 'extraordinary and compelling' threshold," but denied the motion because he "remained a danger to the community." *Id.* The Sixth Circuit remanded the case to the district court because the "district court relie[d] on § 1B1.13 as the sole basis for denying relief." *Id.* at 954. The court reiterated that "§ 1B1.13 is no longer an independent basis upon which a district court may deny a defendant-filed motion for release." *Id.* at 953. However, a district court may consider the § 3553(a) factors such as the "propensity to be a danger to the community upon release" and the prisoner bears the burden of showing "why the sentencing court's § 3553(a) analysis would be different if conducted today." *Id.* at 954.

While the Court commends Hall for "completely renounc[ing] his previous gang affiliation and [being] 'dropped off' the gang's roster," § 3553 may still foreclose Hall's requested relief because if the Court chose to follow the path of the *Sherwood* court, he must make a "compelling case" as to

-9-

why his sentence would be different if given today. Doc. 3488, Def.'s Mot., 12; *see Sherwood*, 986 F.3d at 954. Thus, while the Court declines to foreclose compassionate release for Hall based on § 3553, the Court advises Hall that § 3553 could present an obstacle with respect to future compassionate-release requests.

In the Court's discretion, the Court **DENIES** Hall's Motion **WITHOUT PREJUDICE.**

## IV.

## CONCLUSION

Hall's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated proof of exhaustion or extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Hall's Motion (Doc. 3488) **WITHOUT PREJUDICE**.

By denying Hall's Motion without prejudice, the Court permits Hall to file a subsequent motion for compassionate release in the event he can provide evidence supporting proof of exhaustion and a finding of extraordinary and compelling reasons for release, including medical records diagnosing his medical conditions. However, the Court notes that to the extent Hall merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected.

**SO ORDERED**.

**SIGNED: January 20, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE